IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/30/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

BEKNAZAR ZHUMALIEV,

Petitioner,

v.

TODD BLANCHE, Attorney General;
MARKWAYNE MULLIN, DHS Secretary;
TAMMY MARICH, Field Office Director, ICE; and
JACOB WELSH, Warden,
Chase County Detention Center,

Respondents.

Case No. 26-3350-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **October 13, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner alleges – and respondents do not dispute – that he is a native of Kyrgyzstan; that he was paroled into the United States in 2023; that he has resided in the United States since that time; that on September 18, 2026, immigration officials detained

petitioner; and that he is presently in custody in this judicial district. On September 22, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner thus challenges his detention under 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner. Petitioner claims that he should be considered detained under 8 U.S.C. § 1226(a), which allows for discretionary release on bond.

In cases involving the same issue, this Court has rejected the Government's interpretation of that statute in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States and who has applied for asylum. *See Khudyi v. Carter*, 2026 WL

1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of the cited cases would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's request for release. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **October 13, 2026**.[1]

---

[1] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks Continued…

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **October 13, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 30th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.